EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
CHRISTOPHER POWELL,

                                Plaintiff,

  -against-

J.B. HUNT TRANSPORT, INC. and MIKE A. TODD,

                             Defendants.
-----------------------------------------------------------------------X

Index no.
Date filed:

**SUMMONS**

Plaintiff designates
**BRONX COUNTY**
as the place of trial

The basis for venue is: Situs of the accident in County of Bronx

**TO THE ABOVE NAMED DEFENDANTS:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Long Island City, New York
         August 9, 2021

                                      *Yours, etc.,*
                                      LAW OFFICE OF EVANS D. PRIESTON, P.C.

                 By: _____
                                      Cory P. Strauss, Esq.
                                      *Attorneys for Plaintiff*
                                      47-40 21st Street, 10th Floor
                                      Long Island City, New York 11101
                                      (718) 424-2444

TO:

J.B. HUNT TRNASPORT, INC.
c/o Secretary of State
Pursuant to VTL 253

J.B. HUNT TRNASPORT, INC.
P.O. Box 130
Lowell, Arizona 72745

MIKE A. TODD
224 Robin Street
Bridgeport, Connecticut 06606

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
CHRISTOPHER POWELL,

                      Plaintiff,

   -against-

J.B. HUNT TRANSPORT, INC. and MIKE A. TODD,

                      Defendants.
-------------------------------------------------------------------X

Index no.

**VERIFIED COMPLAINT**

      Plaintiff, CHRISTOPHER POWELL, by his attorneys, LAW OFFICE OF EVANS D. PRIESTON, P.C., as and for a cause of action alleges upon information and belief as follows:

      1.     At all relevant times, plaintiff, CHRISTOPHER POWELL, resided in the County of Kings, and State of New York.

      2.     That at all times hereinafter alleged, and upon information and belief, defendant, J.B. HUNT TRANSPORT, INC., was a business corporation duly authorized to do business in the State of New York.

      3.     At all relevant times, defendant, J.B. HUNT TRANSPORT, INC., offered services to the residents of the State of New York.

      4.     Upon information and belief, at all relevant times, defendant, MIKE A. TODD, resided in the County of Fairfield, and State of Connecticut.

      5.     On January 25, 2021, defendant, J.B. HUNT TRANSPORT, INC., was the owner of the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

      6.     On January 25, 2021, defendant, J.B. HUNT TRANSPORT, INC., was the lessor of the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

      7.     On January 25, 2021, defendant, J.B. HUNT TRANSPORT, INC., was the lessee

of the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

8. On January 25, 2021, defendant, J.B. HUNT TRANSPORT, INC., maintained the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

9. On January 25, 2021, defendant, J.B. HUNT TRANSPORT, INC., controlled the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

10. On January 25, 2021, defendant, J.B. HUNT TRANSPORT, INC., managed the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

11. On January 25, 2021, defendant, J.B. HUNT TRANSPORT, INC., employed defendant, MIKE A. TODD.

12. On January 25, 2021, defendant, MIKE A. TODD, was the owner of the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

13. On January 25, 2021, defendant, MIKE A. TODD, was the lessor of the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

14. On January 25, 2021, defendant, MIKE A. TODD, was the lessee of the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

15. On January 25, 2021, defendant, MIKE A. TODD, was the operator of the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

16. On January 25, 2021, defendant, MIKE A. TODD, maintained the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

17. On January 25, 2021, defendant, MIKE A. TODD, controlled the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

18. On January 25, 2021, defendant, MIKE A. TODD, managed the 2019 Freight motor vehicle bearing Indiana plate no. 2835247.

19. On January 25, 2021, defendant, MIKE A. TODD was employed by defendant, J.B. HUNT TRANSPORT, INC.

20. On January 25, 2021, defendant, MIKE A. TODD, operated and controlled the aforementioned motor vehicle in the course of his employment with defendant, J.B. HUNT TRANSPORT, INC.

21. On January 25, 2021, plaintiff, CHRISTOPHER POWELL, was the operator of a 2015 Nissan motor vehicle bearing New York plate no. KEE1275 at the aforesaid location.

22. At all relevant times, Lydig Avenue at or near the intersection with Holland Avenue, in the County of Bronx, and State of New York, was and still is a public street in common use of the residents of the County of Bronx and State of New York and others.

## AS AND FOR THE FIRST CAUSE OF ACTION

23. Plaintiff, CHRISTOPHER POWELL, repeats and re-alleges each and every allegation contained in paragraphs "1" through "22" inclusive, with the same force and effect as though set force at length herein.

24. On January 25, 2021, the vehicle owned by defendant, J.B. HUNT TRANSPORT, INC. and operated by defendant, MIKE A. TODD, struck plaintiff's vehicle at the aforesaid location.

25. At all relevant times, the Defendants were solely responsible for the proper and prudent ownership, operation, management, maintenance, and control of their motor vehicle.

26. The aforesaid occurrence was caused wholly and solely by reason of the carelessness, recklessness and negligence of the Defendants in the ownership, operation, maintenance, management, and control of their motor vehicle, without any negligence on the part of plaintiff, CHRISTOPHER POWELL.

27. As a result of the aforesaid occurrence, plaintiff, CHRISTOPHER POWELL, was rendered sick, sore, lame, and disabled and have remained so since said occurrence. He sustained nervous shock and continue to suffer mental anguish and great physical pain. He will be compelled to undergo medical aid, treatment, and attention and to expend money and incur obligations for physician's services, medical and hospital expenses for the care and treatment of his injuries; and upon information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physician's services, medical and hospital expenses for the further care and treatment of his injuries. He has been incapacitated from attending to his usual duties, functions, occupations, vacations and avocations, and in other ways he has damages, and upon information and belief, may be so incapacitated in the future and will suffer pecuniary losses.

28. As a result of the aforesaid occurrence, plaintiff, CHRISTOPHER POWELL, suffered serious personal injuries.

29. Plaintiff, CHRISTOPHER POWELL, sustained serious injuries as defined in §§ 5102 and 5104 of the Insurance Law of the State of New York.

30. Upon information and belief, this action falls within one or more of the exceptions set forth in CPLR §1602.

31. By reason thereof, plaintiff, CHRISTOPHER POWELL, has been damaged in an amount greater than the jurisdictional limits of the lower Courts of the State of New York.

**WHEREFORE**, plaintiff, CHRISTOPHER POWELL, demands judgment against Defendants in an amount greater than the jurisdictional limits of the lower Court of the State of New York, together with costs and disbursements.

Dated: Long Island City, New York
      August 9, 2021

*Yours, etc.,*

By: _____

Cory P. Strauss, Esq.
LAW OFFICE OF EVANS D. PRIESTON, P.C.
*Attorneys for Plaintiff*
47-40 21st Street, 10th Floor
Long Island City, New York 11101
(718) 424-2444

NYSCEF DOC. NO. 1
INDEX NO. 810805/2021E
RECEIVED NYSCEF: 08/09/2021

Case 1:22-cv-01747-JPC   Document 1-1   Filed 03/02/22   Page 9 of 18

## ATTORNEY'S VERIFICATION

CORY P. STRAUSS, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an associate with the LAW OFFICE OF EVANS D. PRIESTON, P.C., attorneys for the Plaintiff, I have read the foregoing Summons and Complaint and know the contents thereof, and the same are true to my knowledge, and except those matters therein, which are stated to be alleged upon information and belief, and as those to matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon investigation, client's interviews, records and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not **presently in the county wherein the attorneys for the Plaintiff maintains their office**.

Dated: Long Island City, NY
       August 9, 2021

 

_____
Cory P. Strauss, Esq.

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
CHRISTOPHER POWELL,

                        Plaintiff,

    -against-

J.B. HUNT TRANSPORT, INC. and MIKE A. TODD,

                        Defendants.
-----------------------------------------------------------------------X

**SUMMONS and VERIFIED COMPLAINT**

Signature (Rule 130-1.1-a)

_____
Cory P. Strauss, Esq.

LAW OFFICE OF EVANS D PRIESTON, P.C.
*Attorneys for Plaintiff*
47-40 21st Street
Long Island City, NY 11101
(718) 424-2444

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------x
CHRISTOPHER POWELL,                              Index No.: 810805/2021E

                          Plaintiff,        **VERIFIED ANSWER TO**
                                                          **VERIFIED COMPLAINT**

      -against-

J.B. HUNT TRANSPORT, INC. and MIKE A. TODD,

                          Defendants.
------------------------------------------------------------------------x

      Defendants J.B. HUNT TRANSPORT, INC. and MIKE A. TODD, by and through their attorneys, GALLO VITUCCI KLAR LLP answering the Verified Complaint of Plaintiff, respectfully state and allege, upon information and belief as follows:

      1.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" and "21" of the Verified Complaint.

      2.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2", "3", "6", "7", "8", "9", "10", "11", "15", "16", "17", "18", "19", "20" and "22" of the Verified Complaint, and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

      3.    Deny each and every allegation contained in paragraph "5" of the Verified Complaint except admit that on January 25, 2021 Defendant J.B. HUNT TRANSPORT, INC. was the registered owner of the vehicle bearing Indiana plate no. 2835247.

      4.    Deny each and every allegation contained in paragraphs "12", '13", and "14" of the Verified Complaint, and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

5. In response to Paragraph "23" of the Verified Complaint, Defendants repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "22" of the Verified Complaint.

6. Deny each and every allegation contained in paragraphs "24", "26", "27", "28" and "29" of the Verified Complaint.

7. Deny each and every allegation contained in paragraphs "25", "30" and "31" of the Verified Complaint, and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. That these Defendants was not served in accordance with the provisions of the C.P.L.R. and this Court, therefore, lacks jurisdiction over these Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. That any injuries and/or damages sustained by the Plaintiff, as alleged in the Verified Complaint therein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of answering Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. That by entering into the activity in which the Plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Verified Complaint arose from

and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. The lawsuit was not commenced by the Plaintiff within the time prescribed by law and, therefore, Plaintiff's action is barred by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. That the injuries and/or damages allegedly sustained by the Plaintiff was caused, in whole or in part, by the failure of the Plaintiff to utilize and/or properly utilize available seat belts and/or other safety devices available.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. Pursuant to CPLR 4545, if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event answering Defendants hereby plead in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14. That the action against the answering Defendants cannot be prosecuted due to the Plaintiff's failure to name and likewise prosecute an indispensable party to this litigation.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15. A. The accident described in the Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B. The Plaintiff did not sustain serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

16. The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

17. The place of trial for this action is stated for an improper county pursuant to CPLR 505(b).

**WHEREFORE**, Defendants J.B. HUNT TRANSPORT, INC. and MIKE A. TODD demand judgment dismissing the Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: Woodbury, New York
       December 14, 2021

                            Yours etc.,

                            GALLO VITUCCI KLAR LLP

                            _____
                            By:   James F. Desmond, Esq.
                            *Attorneys for Defendants*
                            *J.B. Hunt Transport, Inc. and Mike A. Todd*
                            100 Crossways Park West, Suite 305
                            Woodbury, New York 11797
                            (212) 683-7100
                            File No.: JBH-2021-5

TO:    LAW OFFICE OF EVANS D. PRIESTON, P.C.
          *Attorneys for Plaintiff*
          *Christopher Powell*
          47-40 21st Street, 10th Floor
          Long Island City, New York 11101
          (718) 424-2444

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is of counsel with the firm of GALLO VITUCCI KLAR LLP attorneys for Defendants J.B. HUNT TRANSPORT, INC. and MIKE A. TODD.

That he has read the foregoing instrument and knows the contents thereof, and that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this Verification is made by your deponent and not by the Defendants is that said parties reside outside the county in which your deponent maintains his office.

That the source of your deponent's information and the grounds of his belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: Woodbury, New York
       December 14, 2021

_____
JAMES F. DESMOND

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

    Claudette Garraud, being duly sworn, deposes and says:

    I am not a party to the action, am over 18 years of age and reside in the State of New York, County of Queens. That on the 14th day of December, 2021, I served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** on:

LAW OFFICE OF EVANS D. PRIESTON, P.C.
*Attorneys for Plaintiff*
*Christopher Powell*
47-40 21st Street, 10th Floor
Long Island City, New York 11101
(718) 424-2444

those being the addresses designated by said attorneys for that purpose, by filing a true copy of same via New York State Courts Electronic Filing (NYSCEF) System.

_____
Claudette Garraud

Sworn to before me this
14th day of December, 2021

_____
Notary Public

**Mary Thompson**
**Notary Public – State of New York**
**No. 01TH6044466**
**Qualified in Richmond County**
**Commission Expires on July 3, 2022**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                    INDEX NO.: 810805/2021E

CHRISTOPHER POWELL,

                Plaintiff,

-against-

J.B. HUNT TRANSPORT, INC. and MIKE A. TODD,

                Defendants.

**VERIFIED ANSWER TO VERIFIED COMPLAINT**

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*J.B. Hunt Transport, Inc. and Mike A. Todd*
100 Crossways Park West, Suite 305
Woodbury, New York 11797
(212) 683-7100
File No.: JBH-2021-5